# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHAVIRA,<br><br>             Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION and<br>KAMALA D. HARRIS,<br>             Respondents. | Case No.: 15-cv-1997-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are Petitioner Robert Chavira's Motion for Relief from Final Judgment (ECF No. 30) and the Order of the Court of Appeals remanding this case to this Court to determine whether the Motion for Relief from Final Judgment includes a motion to extend the time to appeal (ECF No. 35).

**I.    Background**

On September 8, 2015, Petitioner Robert Chavira filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 naming J. Soto[1] and Kamala Harris as Respondents (ECF No. 1). On February 12, 2018, this Court entered an Order denying Chavira's Petition. (ECF No. 22).

On April 2, 2018, Chavira filed a Motion for Relief from Final Judgment under Federal Rule of Civil Procedure ("Rule") 60(b) (ECF No. 30). On April 20, 2018, Asuncion filed a Response to the Motion for Relief from Final Judgment. (ECF No. 33). On May 7, 2018, Chavira filed a Reply to Asuncion's Response. (ECF No. 34).

---

[1] Debbie Asuncion has been substituted for J. Soto under Federal Rule of Civil Procedure 25(d).

1

15-cv-1997-WQH-BGS

On March 23, 2018, Chavira filed a Notice of Appeal (ECF No. 24). On June 26, 2018, the Court of Appeals issued an Order stating

> [T]he notice of appeal, served on March 19, 2018 and filed on March 23, 2018, was not filed or delivered to prison officials within 30 days after the district court's judgment entered on February 12, 2018. *See* 28 U.S.C. § 2107(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional).
>
> A review of the district court docket reflects that, on April 2, 2018, appellant filed a motion for relief from final judgment in the district court, and that motion remains pending. This appeal is therefore remanded to the district court for the limited purpose of allowing that court to determine whether appellant's April 2, 2018 motion includes a motion to extend the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), and if so, to rule on that motion.

(ECF No. 35 at 1–2).

## II. Remand from the Court of Appeals

After reviewing Chavira's Motion for Relief from Final Judgment, the Court concludes that the Motion for Relief from Final Judgment does not include any language that could be reasonably construed as a motion to extend the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).

## III. Motion for Relief from Final Judgment

Chavira's Motion for Relief from Final Judgment asks the Court to annul his state court conviction and sentence on the grounds that the state court decision granting the prosecution's motion to consolidate the charges against Chavira violated Chavira's rights under the Fourteenth Amendment to the United States Constitution. (ECF No. 30 at 24–33). Asuncion contends that Rule 60(b) is not the appropriate mechanism for raising such a claim. (ECF No. 33 at 4). Chavira contends that he is able to seek his requested relief under Rule 60(b). (ECF No. 34 at 4).

When a petitioner brings a motion under Rule 60(b) that "assert[s a] federal basis for relief from a state court's judgment of conviction . . . such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005). Chavira's Motion for

Relief from Final Judgment seeks relief from a state court judgment based on alleged violations of Chavira's rights under the United States Constitution. (ECF No. 30 at 24–33). Consequently, the Court will treat Chavira's Motion for Relief from Final Judgment as a successive habeas petition. *Gonzalez*, 545 U.S. at 530–31.

If a petitioner's Rule 60(b) motion is the equivalent of a successive petition, this Court lacks jurisdiction to consider the motion absent a certificate from the Ninth Circuit authorizing the filing of the petition. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); 28 U.S.C. § 2244(b)(3). The record reflects that the Ninth Circuit has not issued a certificate authorizing Chavira to file a successive petition raising his argument that the state court decision consolidating the charges against him violated his Fourteenth Amendment rights. Consequently, this Court lacks jurisdiction to consider the arguments made in Chavira's Motion for Relief from Final Judgment. *See id.*

## IV. Conclusion

Chavira's Motion for Relief from Final Judgment is DENIED. The Clerk of Court is directed to serve a copy of this Order on the Clerk for the United States Court of Appeals for the Ninth Circuit.

Dated: July 11, 2018

Hon. William Q. Hayes
United States District Court