UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHAVIRA,<br><br>                       Petitioner,<br><br>v.<br><br>J. SOTO, Warden, and KAMALA D. HARRIS, Attorney General,<br><br>                       Respondents. | Case No.: 3:15-cv-01997-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion for Reconsideration (ECF No. 43) and Motion for Leave to Proceed in forma pauperis (ECF No. 42) filed by Petitioner Robert Chavira.

    Petitioner Robert Chavira ("Petitioner"), a state prisoner proceeding *pro se*, was convicted in San Diego County Superior Court and is serving a sentence of 717 years-to-life for felony convictions enhanced by California's Three Strikes law. (ECF No. 1.)

    On September 8, 2015, Petitioner filed a Petition for a Writ of Habeas Corpus seeking relief from his state court conviction. (*Id.*) The Court denied the petition on February 12, 2018. (ECF No. 22.)

On April 2, 2018, Petitioner filed a Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 30.) The Court denied Petitioner's Motion for Relief from Final Judgment on August 15, 2019. (ECF No. 41.)

On June 30, 2025, Petitioner filed the pending Motion for Leave to Proceed in forma pauperis (ECF No. 42) and Motion for Reconsideration pursuant to Rule 60(b). (ECF No. 43). In the Motion for Reconsideration, Petitioner requests that the Court "set aside the judgment and conviction" issued by the San Diego County Superior Court on October 31, 2012 in Case No. SCD237678 because "the trial court lacked subject matter jurisdiction." (*Id.* at 1, 19.)

Petitioner moves for relief under Federal Rule of Civil Procedure 60(b)(4). Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even

an arguable basis for jurisdiction." *Id.* (quotation omitted); *Farmer's Direct Property and Casualty Ins. Co. v. Perez*, 130 F.4th 748, 755 n.7 (9th Cir. 2025).

The Court lacks jurisdiction over Rule 60(b) motions seeking reconsideration of judgments issued by a state court as Petitioner seeks here. Rule 60(b) "does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." *Holder v. Simon*, 384 F. App'x 669 (9th Cir. 2010). District courts in the Ninth Circuit have denied relief to petitioners using Rule 60(b) to seek relief from state court convictions. *See, e.g.*, *Rose v. California*, No. 3:21-cv-0267-CAB-BGS, 2021 WL 2012264, at *1 (S.D. Cal. May 19, 2021) ("A motion pursuant to Rule 60(b) is not an appropriate vehicle for Petitioner's challenge to his state-court criminal conviction, and the Court lacks jurisdiction to entertain the motion."); *Bland v. Pfieffer*, No. 17-CV-2309-H-WVG, 2018 WL 1621541, at *3 (S.D. Cal. Apr. 4, 2018), *report and recommendation adopted*, No. 3:17-CV-02309-H-WVG, 2018 WL 2717783 (S.D. Cal. June 6, 2018) ("[T]his Court does not have the authority or jurisdiction to declare void a state court conviction pursuant to Rule 60(b)(4)."); *Burguan v. Pfeiffer*, No. 2:19-cv-10869-DSF (GJS), 2020 WL 6136784, at *3 (C.D. Cal. May 26, 2020); *Bonilla v. Ervine*, No. 2:18-cv-1354 MCE AC P, 2018 WL 4613150, at *1 (E.D. Cal. Sept. 26, 2018); *see also Wash.-Baltimore News. Guild, Local 35 v. Wash. Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("Of course, neither Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts."). Accordingly, the Court lacks jurisdiction over Petitioner's Motion for Reconsideration seeking to "set aside the judgment and conviction" issued by the San Diego County Superior Court. (ECF No. 43 at 1.)

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration (ECF No. 43) is denied.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Proceed in forma pauperis (ECF No. 42) is denied as moot because the Court granted Petitioner's Application to Proceed in forma pauperis (ECF No. 2) in an earlier order. (ECF No. 5.)

Dated: October 20, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court